GEORGE A. LAIRD v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Total Disability: PLEADING:** *Damages.* An instruction, in an action by a railroad engineer for personal injuries, which fails to specifi-
1 cally instruct the jury, that in arriving at the damages to his earning power, they must consider what he may be able to earn in the future by intellectual as well as manual labor, is erroneous even
2 though the complaint alleges a loss of earning power by manual labor, only. The defendant railroad should not have to pay for the results of total disability of plaintiff, if, though incapacitated
3 for manual labor, he remained able to earn money otherwise.

**Contributory Negligence: EVIDENCE:** *General and special rule of railro d* A general rule of a railroad company authorizing the running of its freight trains at a speed of twenty-five miles per hour, is not admissible in an action by one of its engineers for injuries
4 received at a specified place, alleged by the company to be due to his own negligence in running his train at a greater rate of speed than that prescribed for such place by a special rule of the company, though he ran there at less than twenty-five miles per hour.

*Appeal from Guthrie District Court.*—HON. J. H APPLE-
GATE, Judge.

FRIDAY, DECEMBER 11, 1896.

ACTION for personal injuries. Verdict and judg-
ment for plaintiff, and the defendant appealed.—
*Reversed.*

*Cummins & Wright, Neal & Neal,* and *Robert Mather*
for appellant.

*Carr & Parker* and *F. O. Hinkson* for appellee.

GRANGER, J.—About the seventeenth of February,
1894, the plaintiff was in the employ of the defendant
company as a locomotive engineer. On that day, the
engine on which he was engaged, collided with another
engine on defendant's line, and plaintiff was injured,
and the action is for damages sustained thereby. On
the measure of damages, the court gave the fol-
lowing instruction, of which complaint is made:
"If you find from the evidence, and under these
instructions, that plaintiff is entitled to recover, then
you should allow him as damages such sum or amount
as will fairly and reasonably compensate him for the
loss he has sustained, as such damages and amount
thereof are shown by the evidence. If you find he is
entitled to recover, the elements of his damages will
consist of his loss of time occasioned by the disability,
if any, in the matter of pursuing his usual business, or
performing other manual labor, and the physical pain
and suffering and mental anguish, if any, occasioned
by reason of his injuries. You should allow him, on
account of his disability to perform manual labor,
only such sum as will fairly and reasonably compen-
sate him for the loss he is shown by the evidence to

have thus sustained. In determining the pecuniary injury he has sustained in this particular by reason of the injuries complained of, you should take into consideration the situation and physical condition he was in prior to and at the time he received the injuries complained of; his age, condition of health, habits as to industry, character and employment; the wages he was earning prior to and at the time of the injuries; the nature and extent of the injuries he has sustained; to what extent he is unable to perform labor by reason of said injuries; whether said injuries are permanent, or otherwise; if only temporary, the probable duration thereof; if permanent, the probable duration of his life,—together with all the other facts and, circumstances bearing upon said question, as the same have been shown and developed upon the trial hereof, and therefrom determine and allow such reasonable sum or amount as you find, under the evidence will compensate him for the loss he has thus sustained. In estimating this element of damages, you should bear in mind that you should allow him only such sum as will compensate him for his loss in being disabled from pursuing his usual business or performing other manual labor, in his being thus deprived of the earnings of his business as locomotive engineer or other manual labor. You should also take into consideration the fact that, in his business of locomotive engineer, his earnings were paid as same were earned; and, in fixing the amount of his damages, based upon what he would have been able to have earned in the future but for the injuries complained of, you should take into consideration the present value of such earnings." The complaint as to the instruction is that it does not permit the jury, in estimating the damage, to consider the capacity of the plaintiff to earn money otherwise than by manual labor; that is, as we understand counsel for appellant,

if plaintiff is, because of the injury, totally disabled
from performing manual labor, including his work as
an engineer, but is able to earn money otherwise than
by manual labor, that fact could not be considered to
lessen the damage, but that, in fixing the plaintiff's
ability to earn money, only his ability to do so by
manual labor is to be considered. A careful reading
and re-reading of the instruction leads to the conclu-
sion that its purpose was to limit a recovery, other
than for physical suffering, loss of time, and mental
anguish, to damages resulting from an inability to do
manual labor, including the work of an engineer,
which the instruction recognizes as manual labor.
We think the effect claimed for the instruction is cor-
rect.

Appellee, in argument, says: "The alleged dis-
ability resulting from the injury is loss of ability to
pursue his usual occupation or to perform any manual
labor." Looking to the averments of the petition, we
find them in accord with the argument, and there can
be no doubt of the theory on which the case
was submitted. Does the fact that plaintiff has
limited his right of recovery to damages for a
particular injury change the rule as to what facts can
be considered to lessen the damage? It would hardly
be claimed, if plaintiff's disability to earn money by
manual labor is total, but he could, by some other
labor, earn one-half as much, that he would be entitled
to the full measure of damages for his total disability;
but the rule will be conceded that he may recover
the damage resulting from his loss of ability or capac-
ity to earn money. We do not find a case in which
the rule is expressed as in the instruction under con-
sideration. A difficulty we experienced is that the
instruction is silent as to the effect of an ability to
earn money other than by manual labor. It does not,
in terms, authorize the jury to consider that fact, nor

prohibit them from so doing. That it is a fact that should be considered we have no doubt; nor do we think that others have. In *Comaskey v. Railway Co.* (N. Dak.) 55 N. W. Rep. 732, it is held that where, in a suit for personal injuries, no claim is made for impairment to mental powers, it was error to permit such fact to be taken into account by the jury in estimating damages. The case is cited by appellee, but it does not reach the question in this case. Its effect is to hold that a plaintiff, seeking damages for personal injuries, is limited, as to the elements of recovery, by his averments. · Appellee says the instruction given does not prohibit the jury from considering the capacity generally to earn money. It does not in terms, as we have said, nor does it authorize it, unless by implication. The instruction does particularize as to the matters to be considered, and we think in a way that the jury would not understand, or in any way. have in mind, the question of the ability of plaintiff to earn money except by manual labor. The plaintiff was a witness before the jury, and ·the evidence was such that the jury could properly consider the question of earning money in other ways. The verdict is thought to be erroneously excessive, being for twelve thousand dollars, and this question seems to be an important one in the case. The meaning of the instruction is certainly in doubt, and, we think, to the prejudice of the defendant.

II. A point strongly urged by appellant is the contributory negligence of plaintiff. The injury happened in the yard limits between Des Moines and Valley Junction, a distance of five miles. There were special rules of the company, known to the plaintiff, for the operation of ·trains and engines within such yard limits, and these rules were put in evidence for the defendant. There was evidence tending to show that, at the time of the accident,

plaintiff was violating such rules, because of which contributory negligence is claimed. On rebuttal, against objections, plaintiff was permitted to introduce a rule of the company, as follows: "Freight and work trains will not run to exceed twenty-five miles an hour, unless ordered by the superintendent." Complaint is made of the ruling. The object of the rule as evidence must have been to show that plaintiff was not, at the time of the accident, exceeding the rate of speed allowed. The record shows, without dispute, that the speed of trains, within the yard limits, is governed by rules especially applicable thereto, and that general rules do not apply. The rule objected to is a part of what appears as "Exhibit B" in the record, and it appears that it does not apply to the operation of trains between Altoona and Valley Junction, on which part of the line the accident occurred. As we view the record, the rule in question had nothing to do with plaintiff's duties when the engines collided. He was then to be governed by rules applicable to the yard limits, known in the record as "Exhibit A."

The question of contributory negligence is important in the case, and whether or not plaintiff was violating his instructions as to the speed of his train when he was injured was a question of importance in finding the fact of such negligence. The rule in question might well have been decisive of it, for it permitted a rate of speed greater than is claimed by appellant. The admission of the rule in evidence was error.

We see no other questions important to be considered in view of a new trial.—REVERSED.