OSTRANDER *v.* CITY OF LANSING.

PERSONAL INJURIES—DAMAGES.

The mere possibility that physical injuries disabling one from engaging in manual labor may result in his being driven to enter another and more lucrative field of employment does not deprive him of the right to damages based on his diminished earning power in the vocation which he has followed.

Error to Ingham; Person, J. Submitted November 6, 1897. Decided December 7, 1897.

Case by George S. Ostrander against the city of Lansing for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Charles B. Collingwood*, City Attorney, for appellant.

*Cahill & Ostrander*, for appellee.

MOORE, J. The plaintiff recovered a judgment of $2,000 for injuries received while at work upon a sewer for defendant. Defendant appeals. The case has been here before. *Ostrander* v. *City of Lansing*, 111 Mich. 693. At that time the case was reversed because of the form of the verdict. Nearly all of the questions involved in the case were fully discussed in the opinion of Mr. Justice MONTGOMERY. The only question necessary to discuss now grows out of the charge of the court upon the ques-

tion of damages, and his refusal to charge as requested by the defendant. That portion of the charge was as follows:

"If, under the law and the facts, you find the city liable for any injury sustained by Mr. Ostrander from the accident, then it will become pertinent for you to inquire into and determine the actual extent of such injury,— just what injury, if any, resulted from the city's negligence, if it was negligent. If the plaintiff is entitled to recover, he is entitled to recover for just that injury, and no other. The injury alleged by the plaintiff is a hernia, —a rupture. He says the rupture from which he is now suffering was caused by this accident. You are to determine, if you find the city responsible for the accident, whether the accident produced the hernia, or whether the hernia existed before the accident. If it came from the accident, and if the city is responsible for the accident, then you should award proper damages for the rupture. If the rupture existed before the accident, it should not be considered as, and cannot be, a subject of damages here. If the city is not liable in this action, it will not be necessary for you to consider the question of damages. If it is liable, you should give such damages as are just and fair between the parties.

"The rupture spoken of is the only injury considered in the arguments. If such rupture is the result of the city's negligence, and if the city is liable, you should determine its character, nature, and consequences; and you should, in such case, award to the plaintiff any loss of earnings resulting therefrom, both past and prospective. You should allow compensation to him for any diminution of bodily power, and for such pain and suffering because of the injury as he has experienced, and will experience in the future. In determining any loss of earnings or earning power, you will remember his vocation and walk in life, and the compensation he has been receiving and would be fitted to receive. You will determine what his loss has been, if any, from the time of the injury to the present. You will also determine what his future loss will probably be, as you believe it from the evidence.

"The expectation of life for one of his present age, in good health, according to the life tables, is twenty-five and twenty-seven hundredths years. But you will take into consideration all the contingencies of life and of earn-

ing capacity, and that men do not at every moment, in, the natural course of things, find remunerative employment, and that most men of average good health have more or less sickness, and days when they are unable to work. . You will also remember that men work from day to day through life, receiving their compensation from time to time, as they earn it. A present sum in hand is much more valuable than a like sum to be received at some distant date in the future. In the one case the recipient has the use of the money from now on. In the other the use is to be enjoyed only in the future. Therefore any present judgment for future earnings must be determined by their present worth, based upon the time to elapse before their receipt, and the legal rate of interest, which is 6 per cent. The present worth of any sum of money to be received at a future date is so much as, put at interest at the legal rate, will amount to that sum upon the expiration of the intervening period.

"All these matters you will carefully bear in mind, and you will bear in mind, as you have heard talked here, that the twenty-five and twenty-seven one-hundredths years is the average duration of life of a normally well man of his age, but it does not absolutely show how long he would live. It is only evidence tending to show how long men of his age, and in good average health, will live; and you are not bound fixedly by it, but must determine as best you can, if you find it necessary, what will be the probability of his life. All these matters you will carefully bear in mind. No figures can be given you by which to determine damages for pain and suffering. Those, if any, must be determined upon your own good judgment. They should not all be by way of punishing the city, but only in the nature of compensation to the plaintiff. They should, like all damages, be simply fair and just. Damages must not, if given, be in any way fanciful or sympathetic. It is not a question of compassion or sympathy for either party, but a cool matter of business, to be based upon fairness and common sense. If you come to the question of damages, you will bear in mind the instructions I have given you in that respect. If you do not find the city liable, of course the question of damages is immaterial."

Complaint is made of that portion of the charge reading: "In determining any loss of earnings or earning power, you will remember his vocation and walk in

life, and the compensation he has been receiving and would be fitted to receive;" and of his refusal to charge as follows:

"1. I charge you that there is no evidence in this case upon which you can base a verdict for the plaintiff, for damages sustained by him as the result of his injury, for anything beyond the pain and suffering he has endured, or is liable to endure, from such injury.

"2. I charge you that there is no definite legal basis upon which you can find a verdict for the plaintiff for a pecuniary loss to him in consequence of his diminished ability to earn money, as the result of his injury."

It is argued by counsel:

"It is possible that on account of the accident he might have secured work by which he would have earned more money than at his occupation as laborer. Many a man has, by an accident which deprived him of his physical powers, been driven to take steps to gain, and has gained, employment far more lucrative than he would otherwise have secured."

Counsel cites *Laird* v. *Railway Co.*, 100 Iowa, 336. This case does not sustain the claim made for it. The logic of the position taken by the counsel for the city is that if one engaged in physical labor has received a hurt which disables him from pursuing his usual calling, and is led to engage in intellectual pursuits, which ultimately may be more remunerative to him than his original calling, he cannot recover damages because he was disabled from following the calling in which he was engaged at the time he was hurt, because he may not suffer any loss because of his injuries. We do not think such a position is tenable. The rule in relation to the measure of damages for a physical injury was very clearly stated in *Geveke* v. *Railroad Co.*, 57 Mich. 589, which is in accord with the charge as given. The case was carefully and properly submitted to the jury by the trial court.

Judgment is affirmed.

The other Justices concurred.