SHERMAN BETTIS v. THE CHICAGO ROCK ISLAND & PACIFIC RAILWAY Co., Appellant.

**Misconduct in argument:** Misconduct in argument cannot be
1  predicated on a reference to the failure of a party to produce a witness, where no prejudice resulted from counsel's remarks.

**Same:** An improper reference in argument to the financial in-
2  equality of litigants will not authorize a reversal, where the court directed counsel to desist and the jury to ignore the reference, in the absence of a showing that counsel acted willfully in disregarding the admonition or that the jury gave weight to the remark.

**Damages:** PERSONAL INJURY: INSTRUCTION. Where there is no evi-
3  dence that plaintiff, in a personal injury action, was able to earn money other than by manual labor, an instruction basing his right of recovery on his ability to perform manual labor was correct.

**Same:** EXPECTANCY OF LIFE: EVIDENCE. Where there was no evi-
4  dence as to plaintiff's reasonable expectancy of life, except that shown by the life tables of a person of his age, an instruction authorizing the jury to accept the expectancy of life of an ordinary person, as determined by such tables, as conclusive of plaintiff's expectancy was not erroneous.

Railroads: EJECTMENT OF PASSENGER: LIABILITY FOR INJURIES. It is not necessary for one seeking to recover for injuries the result of ejectment from a moving train, to show that there was a willful and deliberate attempt to inflict injury upon the plaintiff; it is sufficient if the trainmen did what an ordinarily prudent person would not have done under the circumstances.

*Appeal from Wayne District Court.*— HON. H. M. TOWNER, Judge.

TUESDAY, JUNE 12, 1906.

ACTION to recover damages for personal injuries alleged to have been suffered by plaintiff as the result of being thrown or pushed from the platform of a moving passenger train of the defendant by a brakeman in defendant's employ. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish,* and *Miles & Steele,* for appellant.

*R. C. Poston* and *Freeland & Carter,* for appellee.

McCLAIN, C. J.— On a former trial of this case a judgment for plaintiff on a verdict for $2,500 damages was reversed on account of errors in an instruction. See 124 Iowa, 623. In the trial, resulting in a verdict for plaintiff for $2,580 and judgment thereon, from which this appeal is taken, the evidence was, so far as it bears on the questions of law presented, substantially the same as on the former trial. The grounds now relied upon for reversal are (1) misconduct of counsel for plaintiff in their arguments to the jury; (2) errors in one of the instructions given to the jury; and (3) insufficiency of evidence to support the verdict.

I. The alleged misconduct of counsel consisted in referring to the failure of defendant to produce a witness who might have testified to a material fact, and the inequality

of the contest between plaintiff, dependent upon his earnings from manual labor, and defendant, a wealthy corporation. As to the failure to produce the witness we cannot see that any prejudice could have resulted from what was said by counsel. The question as to which the testimony of the witness not called would have been material was whether plaintiff had paid his fare. Plaintiff testified that he paid his fare to a brakeman who was assisting the conductor in taking up tickets on a crowded excursion train. This brakeman was not a witness. The conductor and the other brakeman each testified that no fare was paid or ticket surrendered by plaintiff to him. But there was no necessary conflict between the testimony of plaintiff that he paid his fare to the brakeman who was not called as a witness and that of defendant's witnesses, and we cannot see that any prejudice affecting the result could have arisen from the reference by counsel to the failure of defendant to introduce such brakeman as a witness. It was not contended that plaintiff was ejected on the ground that he had not paid his fare.

*1. MISCONDUCT IN ARGUMENT.*

The reference to disparity in financial condition between plaintiff and defendant was improper but on objection by defendant's counsel the court promptly stopped plaintiff's counsel and directed the jury not to pay any attention to such statements or allow them to prejudice the defendant. In the absence of any indication in the record that counsel acted willfully or in disregard of the admonition of the court not to pursue that line of argument, or that the jury failed to ignore the improper argument in accordance with the court's direction we see no occasion to interfere. *Mackerall v. Omaha & St. L. R. Co.,* 111 Iowa, 547. We should not, under such circumstances, reverse the ruling of the court, announced on motion for new trial, that the misconduct of counsel was not prejudicial.

*2. SAME.*

II. Complaint is made of one portion of an instruction in which the court told the jury that " if the jury find from

the evidence that the said injury is permanent, that prior
to the said injury the plaintiff was capable of
earning and did earn his living by manual la-
bor, and that said injury has in whole or in part incapaci-
tated him from performing manual labor and earning his
living, then you may take such facts into consideration in
determining plaintiff's damages. And, in this connection,
the admitted expectancy of life of the plaintiff, as shown
by mortality tables may be considered. But, in this con-
nection, regard should be had as to the probable time, during
such expectancy of life, that the plaintiff might reasonably
be expected to be capable of performing manual labor on
account of his age." In the first place it is contended that
the instruction refers only to plaintiff's decreased ability,
on account of his injuries, to earn his living by manual
labor.    But there is nothing in the evidence to indicate that
he had any ability, before or after the injury, to earn money
otherwise than by manual labor and the court would not
have been justified in giving any further instruction on the
subject.    More than this, the reference made to manual la-
bor has reference to such labor as he would have been en-
gaged in but for his injuries, and nothing is said as to the
character of labor which he might afterward perform.    Cer-
tainly, under the evidence, there was nothing to warrant
speculation, by the court or jury, as to what plaintiff might
have been able to earn notwithstanding his injuries.    The
case of *Laird v. Chicago, R. I. & P. R. Co.*, 100 Iowa, 336,
is not in point.

 The latter part of the portion of the instruction above
quoted is criticised because it is said that the jury was there-
by required to accept the expectancy of life of an ordinary
person, as determined by life tables, as con-
clusive with reference to the length of time
during which plaintiff would have been able to earn money
had the injury not been suffered by him.    The only evidence
relating to plaintiff's reasonable expectancy of life, aside

*(marginal notes: 3. DAMAGES: personal injury: instruction.    4. SAME: expectancy of life: evidence.)*

from the expectancy as shown by life tables of a person at his age, was that he was in sound health and " did as hard work as could be done. . . . He never missed any time on account of being sick or unable to work." There was nothing, therefore, from which the jury could have concluded that plaintiff would not have been able to labor as long as any other man of the same age, and we think there could have been no prejudice to the defendant in the instruction as given, in the absence of any further instruction asked as to plaintiff's ability to earn full wages during the whole of his expectancy of life. *Keyes v. Cedar Falls,* 107 Iowa, 509.

III. We are asked to say that there was not sufficient evidence to sustain the verdict. The nature of the evidence relied upon may be gathered by reference to the opinion on the former appeal, 124 Iowa, 623. It is sufficient to say that, if the witnesses for plaintiff were to be believed, the jury could well find that the brakeman pushed or pulled the plaintiff through the rear door of the train and pushed him off the platform while the train was in rapid motion. Indeed, on this trial the evidence was stronger as to the misconduct of the brakeman than on the former trial. It was not necessary for the jury to believe, in order to justify them in bringing in a verdict for plaintiff, that the brakeman willfully and deliberately attempted to inflict a severe injury upon plaintiff. It was enough for them to reach the conclusion that the brakeman did what an ordinarily prudent person would not have done in ejecting plaintiff from the train and that injury to plaintiff resulted therefrom. We have no occasion to discuss the particulars of the conflicting evidence of the different witnesses.

*(margin note: 5. RAILROADS: ejectment of passenger: liability for injuries.)*

Finding no prejudicial error in the record, the judgment of the trial court is *affirmed.*