# CURRENT COURT OF APPEAL CASES—Continued

### No. 632
### LINDEMAN v. ROCHE
Ohio Appeals, 1st District,· Hamilton County
No. 2134. Decided May 14, 1923

This opinion has not been published except in ˅˅˅˅˅˅

WRONGFUL DEATH—Erroneous charge as to duty of passenger in automobile—Acts to which guest consents—Excessive speed and careless operation of car—Negligence not to be defended—Due care of guest.

HAMILTON, J.

#### Epitomized Opinion

Mr. and Mrs. Lindeman were thrown from their seats when Roche drove his car, in which they were riding, into an electric light pole, Mr. Lindeman receiving injuries from which he died. She brought this action for wrongful death and charged, as negligence, excessive speed and careless operation of the car. Jury rendered a verdict for defendant. Court's charge to jury is assigned as error. It charged that recovery cannot be had for injuries from acts to which one consents; if you find Lindeman acquiesced in and consented to the speed the automobile was driven, you will disregard the question of speed as an element of negligence. Answer did not allege contributory negligence and there was no evidence that deceased acquiesced in or consented to speed of automobile. In reversing the judgment the Court of Appeals held:

1. This charge was clearly erroneous and was prejudicial in view of allegation of negligence as to speed.

2. Even if the question of contributory negligence wsa in the case, the charge would be erroneous as it fails to state the rule on the question.

3. Charge is erroneous because it undertakes to lay down rule of conduct relating to specific acts involved, and undertakes to state what would constitute negligence or contributory negligence barring recovery. This is contrary to 93 OS 304, 98 OS. 432.

4. It was for the jury to determine on all the facts of the case whether or not the guest used due care under all circumstances.

Attorneys—R. S. Alcorn, for Lindeman; Clore, Schwab & McCaslin, for Roche.

### No. 633
UNION·LAND & B. CO. v. YOUNGSTOWN (City)
Ohio Appeals, Seventh District, Mahoning County
March 23, 1923

This opinion has not been published except in Abstract.

MUNICIPAL POWERS—(1) City cannot interfere with property in possession of another, relying on weakness of latter's title—(2) Injunction is proper way to prevent such action by city.

POLLOCK, J.

#### (Epitomized Opinion)

Appeal from Court of Common Pleas, Reversed

The Building Co. was, at the time of the commencement of the suit, in possession of a parcel of land in the city of Youngstown, upon which it had constructed a large building. Although there was some confusion as to the exact boundaries of the lot, it appeared that since 1802 it had been openly and notoriously used by the Building Co., and that for a great part of that time some sort of railing had been constructed about the entire tract to which the Company now claims title. The City claims its right, under the Code, to remove the railing maintained there at the present time, on the ground inat it is a nuisance. Judgment for City in lower court. Held by the Court of Appeals in reversing the judgment:

1. A City cannot' enter upon the property of another and remove the private structures, thereon, acting merely upon ·the weakness of the occupying claimant's title.

2. The proper remedy to prevent a municipality from interfering with private property rights is by injunction.

Attorneys—Names not furnished.

### No. 634
M. HEALEY v. AMERICAN SHIP BUILDING CO.
Ohio Appeals, Eighth District, Cuyahoga County
No. 4836. Decided June 4, 1923

This opinion has not been published e<

WORKMEN'S COMPENSATION—Application for compensation is an action and proceeding.

LEVINE, J.

#### Epitomized Opinion

December 19, 1919, P. Healey was employed by Ship Building Co. as laborer and on December 27 he was injured, but continued to work for Company until January 10, 1920, when he ceased working, and died shortly thereafter. His widow, M. Healey, applied to Industrial Commission for compensation. On April 6, 1921, Industrial Commiss on denied compensation on ground that proof failed to establish that death was caused by injury receiv u December 27. April 22, M. Healey filed notice of appeal and May 10 petition was filed in Cuyahoga Common Pleas. In December, 1922, M. Healey, finding that Company was self insurer, filed an amended petition naming Ship Building Co. as defendant and dismissed as to Industrial Commission. At the trial in Common Pleas, Ship Building Co. objected to introduction of any oral testimony. Objection was sustained, the court arrested the testimony from the jury and entered judgment for defendant.

GC. 1465-90 was amended subsequent to Healey's appeal to Common Pleas to provide that on appeal from Industrial Commission the court or jury shall ·decide the case upon the evidence contained in record of Industrial Commission and no other evidence. Before this amendment, oral testimony was admissible on appeal. GC. 26 provides that wherever a statute is repealed or amended such repeal or amendment shall not effect pending actions, civil or criminal. The Court of Appeals in reversing judgment held:

1. An appeal from the Industrial Commission is a cause of action or proceeding within the meaning of GC. 26. 77OS. 474.

2.' GC. 1465-90 which as amended limits the trial to a consideration of evidence contained in transcript certified and furnished by Industrial Commission does not apply to causes of action or proceeding pending in Common Pleas Court before or at time the same became a law.

Attorneys—W. J. Wilson and D. S. Bowden, for Healey; Kelley, David & Cottrell, for Ship Building Co.