FRANCES M. SMITH, Appellee, v. CITY OF DES MOINES, Appellant.

**TRIAL:** Instructions—Unsupported Theory. A requested instruction on
1   an unsupported theory is properly refused.

**APPEAL AND ERROR:** Harmless Error—Mortality Tables. In in-
2   structing on the effect of ''mortality tables,'' the court should explain that such tables are designed to show the average expectancy of *well* men and women, and not of those who have been injured; but such omission is harmless when the record reveals that the injured party was not suffering from an injury which would shorten life expectancy.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

MARCH 4, 1924.

ACTION against the defendant, city of Des Moines, for damages. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*Wilson & Shaw* and *Gillespie & Canfield,* for appellee.

STEVENS, J.—I.  Appellee was injured about 11 o'clock P.
M. on the 23d day of January, 1920, by falling upon an icy
sidewalk on East Lyon Street in the appellant city.  The in-
juries complained of, which appellee alleges are

1. TRIAL: instruc-
tions: unsup-
ported theory.

permanent, are described as an impacted frac-
ture of the left wrist.

But two propositions are relied upon for reversal:  One,
the refusal of the court to instruct the jury that, "if the ice
had formed on the walk in question by reason of snow melting
upon the adjacent lot and flowing thereon, the defendant had a
right to wait for a change of temperature to remedy the condi-
tion caused by such freezing condition, without being guilty of
negligence, if, by reason of climatic conditions, such ice was
impossible of removal;" and the other, error in the paragraph
of the court's charge relating to the consideration and effect to
be given by the jury to mortality tables.  The evidence as to
the icy condition of the sidewalk is in sharp conflict, but, as
indicated, it is not claimed by appellant that the evidence is
insufficient to sustain the verdict.  The sidewalk in question
abutted upon a lot that was considerably higher than the sur-
face of the walk toward which it sloped.  The requested instruc-
tion is based upon the language of the court in *Beirness v. City
of Missouri Valley,* 162 Iowa 720, and cases from other juris-
dictions.  Evidence was introduced from which the jury may
well have inferred that the water from melting snow constantly.
flowed from the lot upon the sidewalk.  The condition of the ice
and snow upon the sidewalk is described as having been jagged,
rough, and uneven.  There was also evidence from which the
jury might properly have inferred that it had been accumulating
for a considerable length of time.  Evidence was offered to the
contrary, and to the effect that the particular sidewalk was
always kept as free from snow· and ice as is possible in this
climate.  The weather preceding the day of the accident was
generally cold, but not such as to prevent some thawing and
melting of the snow and ice on the walk.  We find, however,
no evidence in the record that the condition of the walk resulted
from the melting of snow on the adjacent lot.  The weather is
shown not to have been warm enough for that to have occurred
to any considerable extent.  Furthermore, no evidence was of-
fered to prove that it was impossible at the time to have

remedied the condition of the walk. Therefore, without dis-
cussing the requested instruction or expressing an opinion as
to its correctness as an abstract proposition of law, we are of
the opinion that the state of the record did not call for its
application to this case.

II. Mortality tables having been introduced in evidence
by appellee, the court instructed the jury that she had an ex-
pectancy of 21.10 years, but that such expectancy is not con-

2. APPEAL AND
ERROR: harm-
less error: mor-
tality tables.

clusive, and that, if the jury found that appellee
will suffer physical and mental pain in the fu-
ture, resulting from the injuries complained of,
it might take into consideration such expectancy as a matter
to be considered in determining the amount, if any, to be al-
lowed for such future pain and suffering as the evidence showed
she is reasonably certain to suffer. The court did not, however,
as a part of this paragraph, instruct the jury that life expect-
ancy tables are designed to show the average expectancy of
well men and women, and not of those who have been injured.
The omission of the above clause and the failure of the court
to include other matters in the instruction are complained of.
The instruction is subject, to some extent, to the criticism urged
against it. *Canfield v. Chicago, R. I. & P. R. Co.*, 142 Iowa
658; *Hughes v. Chicago, R. I. & P R. Co.*, 150 Iowa 232; *Scott
v. Chicago, R. I. & P. R. Co.*, 160 Iowa 306. The allegations of
the petition refer only to the injury to appellee's left wrist.
There is nothing in the record from which the jury could have
inferred that this injury would have any tendency to reduce
appellee's expectancy. So far as the evidence shows, she was, at
the time of the trial, otherwise a well person. No instruction
on this point was requested by appellant. It is difficult to con-
ceive, under the circumstances of this case, how appellant could
have been prejudiced by the error in this instruction. Similar
instructions have been held, in prior decisions of this court, in
the absence of a request for further instructions, not to present
a ground for reversal. *Keyes v. City of Cedar Falls*, 107 Iowa
509; *Peterson v. Brackey*, 143 Iowa 75; *Bettis v. Chicago, R. I.
& P. R. Co.*, 131 Iowa 46; *Spencer v. Updike Grain Co.*, 158
Iowa 31; *Cubbage v. Estate of Youngerman*, 155 Iowa 39.

Emphasis was given by the court in the opinions in several

of the above cases to the fact that the injuries complained of were not of a character likely to materially reduce the plaintiff's expectancy. The above are all of the matters discussed by counsel for appellant.

We have given no consideration to appellee's motion to dismiss, or to the contention of her counsel that no proper exceptions to the instructions were preserved in the court below. For the reasons stated, the judgment of the court below is— *Affirmed.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.