JESSIE L. KIMBLE v. CHARLES T. KAVANAUGH ET AL.

Decided June 4, 1924.

**Negligence—Motor Vehicle Injury—Collision on Account of Repairs on Highway When Steam Shovel was Operating.**

On rule to show cause from the Sussex Circuit.

Before Gummere, Chief Justice, and Justices Minturn and Black.

For the rule, *Wall, Haight, Carey & Hartpence.*

*Contra, Hugh C. Baldwin* and *Dolan & Dolan.*

Per Curiam.

The rule contains the following reservation: "That the defendants be permitted to reserve the exceptions taken at the trial to the refusal of the court to direct a verdict in favor of said defendants, and to the court's charge, and that this rule will not preclude the taking of an appeal by said defendants on the reserved exceptions."

The action was brought to recover compensation for injuries received by the plaintiff while driving along a public highway, in the borough of Sussex. The defendants at the time of the accident were engaged in reconstructing a portion of this highway, under a contract with the state, and were operating a steam shovel in furtherance of the work. As the automobile in which the plaintiff was riding, and which was being driven by her husband, was about to pass the steam shovel, the latter was swung across the road by defendants' employes, and collided with the automobile, inflicting injuries upon Mr. Kimble, from which he died, and also inflicting the injuries upon Jessie Kimble, for which she brought this action.

The first ground upon which it is sought to make the rule absolute, is that the plaintiff at the time of the accident was a licensee on the road, to whom the defendant owed only the duty to refrain from acts willfully injurious. This point obviously is directed to the charge of the court to which exception was noted, and as all the exceptions taken at the trial to the court's charge are reserved from the operation of the rule, this point cannot now be considered.

It is next urged that it was error for the trial court to charge the jury that it must consider whether or not it was negligent on the part of the defendants to permit the steam shovel to be operated without a warning to people traveling on the highway. For the same reason this point cannot now be considered.

It is also urged that the trial judge erred in refusing to charge the defendants' first request, which was that "if Mrs. Kimble went riding with her husband, knowing that he was under the influence of liquor to such an extent as to render him incapable of exercising the degree of care required of a sober man in the same circumstances, her act in doing so was contributory negligence, which would bar her from recovery." This request, not being within the reservation, may be considered with the general observation that the request was properly refused. It does not specify what the "circumstances" are to which the request applies. Nor is it apparent that the wife's driving with her husband while he was intoxicated was contributory negligence, unless it was a contributory cause to the accident: the fact that the husband was intoxicated, it is manifest from the record, had no relation to the accident, and it is not contended that he did anything, or omitted to do anything, which a sober man would not have done, or omitted to do, under the same circumstances.

It is argued that the road was closed to public travel, but the proof preponderates to the contrary, and whether Mr. Kimble was guilty of reprehensible conduct in driving along this road, which a sober man would not have been guilty of, would depend, to some extent, at least, upon this controverted question of fact.

Finally, it is urged that the verdict is excessive, but in this we do not concur. The plaintiff suffered a broken right wrist, and her left arm was fractured at the elbow joint, and, in addition, she received serious bruises. She was a wage-earner, and her injuries incapacitated her from earning her living for a period of three months. It is quite apparent that her injuries are permanent, and prevent the full use of either arm.

The rule will be discharged.