MICHAEL J. HUGHES, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY ET AL., Appellants.

**Railroads:** INJURY TO PASSENGERS: CONTRIBUTORY NEGLIGENCE: INTOXICATION: INSTRUCTIONS. Intoxication is not a bar to recovery for a personal injury unless there is such a state of intoxication as to preclude the exercise of ordinary care; but intoxication in any degree is a circumstance to be taken into consideration in determining the question of contributory negligence.

In this action an instruction that if plaintiff, who was a passenger upon defendant's train, had become intoxicated just before his injury, thereby carelessly and negligently contributing to his injury he could not recover, is held to have been at least an unfortunate statement of the rule, but in view of other instructions may have been without prejudice.

It is also held that a requested instruction to the effect that if plaintiff was intoxicated while attempting to alight from the car he could not recover, was properly refused because too broad.

Same: DAMAGES: INSTRUCTIONS: LIFE EXPECTANCY. On the question
2 of prospective damages, the result of future suffering and diminished earning capacity, an instruction relative to plaintiff's life expectancy should refer to plaintiff in his injured condition, and should not be based upon his condition prior to the injury. And such error in this case was not cured by a reduction of the verdict.

*Appeal from Jasper District Court.*—Hon. R. E. Will-cockson, Judge.

SATURDAY, FEBRUARY 11, 1911.

ACTION at law to recover damages for personal injuries received by plaintiff while a passenger upon one of defendant's trains. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals. *Reversed* and *remanded.*

*Carroll Wright, J. L. Parrish* and *C. O. McLain,* for appellant.

*Matthew Gering* and *Tripp & Tripp,* for appellee.

DEEMER, J.—Plaintiff claims that while a passenger on one of defendant's trains from Omaha, Neb., to Colfax, Iowa, and just before the train reached the station at Colfax, supposing that the station had been reached, he was attempting to alight and that while engaged in that act the train started with a jerk, throwing him under the wheels of a coach, resulting in the crushing of the left foot and the final amputation of the limb at a point six or eight inches below the knee. Defendant denied all allegations of negligence, and, in effect, averred that plaintiff was guilty of contributory negligence. Upon the issues joined

the case was tried to a jury, resulting in a verdict for plaintiff in the sum of $15,000. This was reduced by the trial court to the sum of $10,000, and for that amount judgment was rendered against the defendant. This appeal presents but five propositions, and these are so involved as to resolve themselves into but three.

Defendant contended, and introduced testimony to show that at the time plaintiff received his injuries he was intoxicated, and it asked the court to instruct the jury as follows with reference to this matter: "Before you can find for the plaintiff, you must not only find that the defendant was guilty of one or more of the acts of negligence charged in the petition and submitted to you by these instructions, and that such act or acts of negligence was the proximate cause of plaintiff's injury, but you must also find by a preponderance of the evidence that the plaintiff was free from any negligence on his own part which contributed to his injury. In this connection you are instructed that the fact, if it be a fact, that the plaintiff at the time of the accident was under the influence of intoxicating liquors, would constitute negligence on his part, and, if the same in any degree contributed to his injury your verdict must be for the defendant." In lieu thereof the trial court gave the following: "You are instructed that the fact, if it be a fact, that just prior and at the time of the accident the plaintiff was under the influence of intoxicating liquors, and by reason thereof the plaintiff became careless and negligent, and you find such carelessness and negligence contributed to the plaintiff's own injury, and you so find, then the plaintiff can not recover."

It also gave the following, which should be considered in connection therewith:

(5) Negligence is the omission to do something which a reasonably prudent man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a reasonably

prudent man would not do under similar or like circumstances.

(6)  Reasonable and ordinary care and diligence is such care and diligence as an ordinarily prudent man would exercise under similar or like circumstances.

(11)  You are instructed that if you find from the evidence that the plaintiff on April 3, 1907, while a passenger on the cars and train of the defendant company, passed on and along the aisle and through the door of the car and onto the platform of the car on which he was a passenger, and hence down from steps of the said car, and while the train was to the plaintiff's knowledge still moving and in motion, or as a reasonably prudent man he could have discovered that the train was moving and in motion, he stepped off the car, and was injured substantially as he claims, and you so find, then in that event the plaintiff can not recover, and your verdict should be for the defendant.

(13)  If you find from the evidence introduced upon the trial of this case, guided by these instructions, that the plaintiff exercised ordinary care, taking into consideration all the facts and circumstances connected with the injury, as shown by the evidence, and you find that he has sustained any injury, then he was not at fault or negligent. If, however, he did not exercise such care and if, by reason of the want of such care, the injury of which he complains resulted to him, then he was guilty of contributory negligence.

Defendant contends that the court erred in denying defendant's request, and also committed error in giving instruction No. 15, hitherto quoted.

I.  We shall first consider the instruction refused. This states, in so many words, that if plaintiff, when injured, was under the influence of intoxicating liquors, this in itself would constitute negligence, and that, if this intoxication in any degree contributed to his injury, plaintiff could not recover. It will be noted that the instruction so asked does not refer to the extent of the intoxication, but characterizes any degree as contributory

1. Railroads: injury to passenger: contributory negligence. intoxication: instructions.

negligence as a matter of law. We think this was too broad
and that the trial court correctly refused to give it. That
one is intoxicated when injured does not of itself constitute
contributory negligence, but it is a circumstance to be con-
sidered in bearing upon the question of his care. *Weymire
v. Wolfe,* 52 Iowa, 533; *Cramer v. City,* 42 Iowa, 315;
*O'Keefe v. Railroad,* 32 Iowa, 467; *Sylvester v. Town,*
110 Iowa, 256. One can not voluntarily incapacitate him-
self from the ability to exercise ordinary care, and then
recover for an injury to which a want of ordinary care
upon his part while so intoxicated proximately contributes.
In other words, intoxication is not alone a bar to recovery
unless by reason of such intoxication the party injured
fails to exercise the ordinary care of a sober man or is un-
able by reason thereof to take the usual and ordinary pre-
cautions to avoid danger. *Kingston v. Ft. Wayne Co.,* 112
Mich. 40, (70 N. W. 315, 74 N. W. 230, 40 L. R. A.
131); *Seymer v. Lake,* 66 Wis. 651 (29 N. W. 554).
Yet intoxication in any degree is a circumstance to be
considered in determining the question of contributory neg-
ligence. *Rhyner v. Menasha,* 107 Wis. 201 (83 N. W.
303); *Sylvester v. Casey,* 110 Iowa, 256; *Wynn v. Allard,*
5 Watts & S. (Pa.) 524; *Fisher v. Railroad,* 42 W. Va.
183 (24 S. E. 570, 33 L. R. A. 69). These propositions
are so well fortified by authority that nothing more need
be said regarding defendant's request.

Coming now to the instruction given. We find that
it is in almost the exact form of the one given in *Cramer
v. City of Burlington, supra.* The court there said of such
an instruction: "Again, this instruction directs that, in
addition to the existence of a state of intoxication, the jury
must further find that on account thereof plaintiff became
careless or reckless in regard to his safety, and thus caused
or contributed to his injury. This was error. An intox-
icated person might become neither careless nor reckless,
and at the same time might so far lose control of his mus-

cular action as to be unable to avoid injury. If, under such circumstances, he should stumble or stagger over a dangerous precipice, his want of ordinary care may have contributed to the injury, no matter how much he may have wished and endeavored to avoid the danger." To say the least, the instruction as given is not happily worded and should not be repeated upon a retrial. In view of other instructions, it may be that this error was without prejudice, and that we should not reverse on this ground alone. The matter is referred to at this time in order that there may be no repetition of the instruction upon a retrial.

II.   The trial court gave the jury the following instruction: "(18) It is admitted and conceded by the parties that the tables of life expectancy show that the life expectancy of a man at the age of plaintiff on April 3, 1907, was fifteen years. Upon this you are instructed that these tables are formed and based upon the lives of individuals who are in the ordinary pursuits of life and in ordinary conditions of health; but the court says to you that these tables are not conclusive, as to the age the plaintiff may continue to live, or the duration of his life, and in considering the expectancy of the life of the plaintiff you should take this concession into consideration together with all the evidence in the case, including the physical condition of the plaintiff at the time and prior to the alleged injury, his general health, his vocation in life, if any, with respect to danger, his habits, whether temperate or intemperate, and all other facts and circumstances as entering into the probable duration of life of the plaintiff, as disclosed by the evidence." This was given in order that the jury might have a guide whereby to estimate plaintiff's future and prospective mental and physical suffering and loss of earning capacity. He was asking nothing, even if he could have done so, for the shortening of his life and the sole inquiry in this connection was, how long will plaintiff, in his present injured

2. SAME: damages: instructions: life expectancy.

condition, live and continue to suffer, and for what length of time will his diminished capacity to make money and acquire a competency exist? As to prospective damages, it is quite clear that plaintiff's condition at the time of trial was a material fact, and the inquiry should have been directed to his expectancy of life in his then injured condition. The instruction given by the trial court referred the jury to plaintiff's condition before he received his injuries, and told them to consider his expectancy with reference to a time prior to his injuries and his condition of health at that time. The instruction can not be sustained. It may possibly be as plaintiff contends that this instruction had no influence upon the verdict; but it is wrong from any point of view, and was presumptively prejudicial. If considered by the jury, as we must assume it was for it was given for that purpose, it must have resulted in increasing the verdict. Plaintiff's counsel insist that as the trial court reduced the verdict this cured the error. But this proposition can not be indorsed. No one can tell how much the jury allowed as prospective damages for pain and suffering, loss of earning capacity, etc. This matter was peculiarly within the province of the jury. Such damages being unliquidated and incapable of exact measurement, it was impossible for the trial court to know how much was allowed by the jury under the erroneous instruction. This being true, it could not cure the error by reducing the amount of the verdict without trenching upon the province of the jury.

Defendant asked the court to give the following instruction, instead of the one given: "Testimony has been received in evidence which tends to show that the expectancy of life of a man fifty-four years old, according to the tables of mortality, is fifteen years. These tables of mortality, however, do not necessarily apply to the plaintiff, but are based upon the observed expectancy among persons in ordinary pursuits and in ordinary condition of

health, and in determining the expectancy of plaintiff you must take into consideration the condition of his health at the present time so far as shown by the evidence or so far as you have been able to observe the same, his prior habits with reference to the use of intoxicating liquors, as well as all other facts and circumstances in evidence and bearing thereon." From the discussion already had upon this proposition it is apparent that this instruction should have been given in lieu of number eighteen.

These conclusions are decisive of this appeal, and render it unnecessary that we consider the other propositions relied upon by appellant. For the errors pointed out, the judgment must be reversed and the cause remanded for a new trial. *Reversed* and *remanded.*