## CLEVELAND RAILWAY CO v OWENS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14376.  Decided April 22, 1935

Squire, Sanders & Dempsey, Cleveland, for plaintiff in error.

Payer, Corrigan & Cook, Cleveland, for defendant in error.

LEMERT, PJ, SHERICK and MONTGOMERY, JJ, (5th Dist) sitting by designation.

## OPINION

By LEMERT, PJ.

In reference to the first alleged ground of error, from an examination of the record before us. we are convinced that there was no error in refusing to hold that there was a joint enterprise between plaintiff and Pyler. The record is clear that the plaintiff was riding as an invited guest of Pyler, and there is nothing in the record that indicates by way of arrangement, act or conduct between them that would warrant the court in charging that there was a joint enterprise.

On the second alleged ground of error an examination of the record convinces us that there was ample testimony in the case and before the jury in the court below to warrant the verdict of the jury and that said verdict and judgment are not against the weight of the evidence.

On the third ground of error, that the court erred in refusing to withdraw the specification that defendant failed to warn by horn or otherwise of the rapid approach of its bus, we have to say that we fail to find in the record that the defendant made any such request that the same be withdrawn. The plaintiff in error to sustain this claimed ground of error cites the case of **Cleveland Railway Company v Wendt, 120 Oh St, 197.** An examination of that case discloses the fact that it is not a parallel case and is not controlling in the instant case. It has been frequently held by reviewing courts that where numerous specifications of negligenec are submitted for the consideration of the jury, it cannot be urged as prejudicial or reversible error that one or more of such specifications are not supported by any evidence in the record.

The Court of Appeals of the Eighth District thereof so held in the case of **Herron v Gee, 11 ABS 180.** In that case the complaining counsel actually made a specific request that the allegations complained of should be withdrawn from the considerations of the jury, which request was overruled by the court. Yet it was held not to constitute reversible error. The court, in passing upon this question, said:

"We do not think that the court was called upon to analyze and take from the jury every allegation of negligence which was specified in the petition, if it would properly charge that she could only recover for those acts of negligence which the proof showed that the defendant was guilty of, and that the court did in this case, for we think it very properly covered the matter in its charge.

"We do not think the court had to particularize and take from the jury everything upon which the defendant below claimed there was no evidence."

So upon this alleged ground we find no error.

Upon the fourth alleged ground of error, to-wit, the charge upon intoxication of Plyer: Plaintiff in error complains that the court in charging upon the legal consequences attached to the alleged intoxication of Pyler the driver that prejudicial error was committed. We are of the opinion that this question becomes immaterial because the jury by the general verdict which it returned necessarily found that the defendant, The Cleveland Railway Company was guilty of negligence proximately contributing to the accident. This would suffice to make the defendant responsible, regardless of whether Pyler was also negligent. The finding of the jury is conclusive that the accident did not result from the sole negligence of Pyler since the defendant, The Cleveland Railway Company was found to have been guilty of negligence. Therefore; it becomes unimportant to determine whether Pylor was actually guilty of negligence or whether the charge with reference to the negligence of Pyler was technically correct. At page 519 in the charge of the court, where it pointed out and made clear the propositions with reference to the liability of the Railway and the negligence, if any, of Pyler, wherein the court said:

"That is, if the plaintiff was injured and was injured solely as a proximate result of the negligence of Pyler, then you cannot find against the defendant Company. If Pyler was negligent and his negligence alone was the direct and sole cause of the collision, your verdict must be for the defendant. If Pyler, on the other hand, and the defendant were both negligent and the negligence of each contributed directly to the collision, the defendant would be liable and your verdict should be for the plain-

tiff. If the defendant was negligent and its negligence alone directly caused the collision, it would be liable and your verdict should be for the plaintiff. If the defendant was not negligent it would not be liable and your verdict should be for the defendant. If the defendant was negligent and its negligence was not the direct or proximate cause of the injury, the defendant would not be liable and your verdict should be for the defendant."

So that if the question of Pyler's negligence had been a matter of importance, this charge was in no way prejudicial to the defendant below.

Upon the matter or question of intoxication we find that the court charged as follows:

"Now upon the question raised in reference to intoxication, §2408 of the Ordinances reads as follows: 'No person while in a state of intoxication shall drive any vehicle on the streets of the City of Cleveland.' The having liquor in one's car is not the basis for a defense here, nor would drinking alone suffice. One would have to, in order to come under this Ordinance, to be in a state of intoxication, that is, so befuddled by reason of alcoholic beverages as not to comprehend the nature of his acts. Now if Pyler was intoxicated and if as a proximate result of that intoxication the accident occurred, the defendant being then through its agent in the exercise of ordinary care, the plaintiff would not be entitled to a recovery at your hands, and his remedy would have to be against Pyler."

The defendant contends that the ordinance was violated if Pyler was in any way subject to the influence of liquor and if it was error to charge that he was not intoxicated unless he was so befuddled by reason of alcoholic beverages as not to comprehend the nature of his acts. It is to be especially noted, however, that the defendant is apparently proceeding under the assumption that if the driver of the vehicle violated the ordinance by driving while intoxicated, that that necessarily constitutes negligence to which legal liability attaches in a damage suit. This position is entirely unsound. Whether the driver had imbibed only a few drops of liquor or whether he had drunk a great quantity, is a fact immaterial in a negligence action. Liability in tort is entirely dependent upon the failure of the driver to exercise the ordinary care of an ordinarily prudent

sober man in objective physical operation of the vehicle. Some men when they are drunk exercise more care than an ordinarily prudent sober man. A man may violate the criminal law by operating his vehicle while he is intoxicated and yet be entirely free of civil responsibility even though he is involved in a collision, if he has exercised that care which ordinarily prudent sober drivers exercise. It follows, therefore, that no matter how drunk Pyler may have been he was not guilty of negligence unless that intoxication manifested itself in objective physical acts in conjunction with the driving, which the law would brand as negligence. In other words, intoxication is only a remote circumstance reflecting upon the probabilities as to whether or not the driver did exercise ordinary care with reference to his outward objective physical acts—if he did, it is a matter of indifference whether he was intoxicated, befuddled or merely slightly under the influence of alcohol. In the absence of some negligent, physical act or omission on the part of the driver in the operation of his vehicle the civil law is interested neither in his lack of experience, his incompetency, his minority or his intoxication. For example, in Carlson v Conn. Co., 94 Conn., 131, the court said:

"Whether those concerned in the operation of the car were competent or incompetent, experienced or inexperienced, the defendant would not be liable in this action in either event, in the absence of some negligent act or omission on their part. If there was no such act or omission, there would be no liability on the part of the defendant, however inexperienced, incompetent and unfit for their tasks the defendant's employees may have been."

A case bearing upon the matter of intoxication is to be found in the case of Powell v Berry, 145 Georgia, 696, 89 SE 753, wherein the court said:

"As drunkenness does not furnish an excuse for negligence, neither does it constitute negligence as a matter of law. It is possible, whether probable or not, for one man to act with the care of a prudent man while intoxicated, and for another to act with a lack of ordinary care while sober. If the conduct of the drunken man measures up to the standard fixed by law, the drunkenness alone will not authorize a recovery for an injury caused by him."

"Voluntary intoxication is not per se negligence. But in an action to recover on account of an alleged negligent tort, in which

it was alleged, on the one hand, that the defendant was intoxicated and negligent, and, on the other hand, that the plaintiff himself had been drinking and was negligent, so as to affect his right to recover, the condition of the parties, respectively, as to intoxication, is a fact which would be proved for the consideration of the jury, in connection with the other evidence as to negligence, if any, in determining the diligence or negligence of the parties respectively."

Ohio cases have also recognized the principle that intoxication itself is only a remote circumstance reflecting upon the issue of negligence and is immaterial unless the driver has actually been in default in some physical act connected with the driving of the vehicle. **Cleveland Railway Company v Nicholson, 11 Oh Ap, 424.** The court in that case held:

"Where in a street railway accident the injured party was prior to and at the time of such accident under the influence of liquor, it is a question for the jury whether or not such party under the circumstances exercised or was capable of exercising ordinary care."

We find in 29 Cyc. 534, the following:
"Intoxication alone is not a bar to recovery. unless by reason of such intoxication he fails to exercise the ordinary care of a sober man, or is unable to take the proper precautions to avoid danger."

So that in the case at bar we are concerned and interested only, so far as this question is concerned, as to whether the driver exercised the ordinary care of an ordinarily prudent sober man in the operation of his car, regardless of whether he had partaken of much or little liquor. Or, in other words, that intoxication itself standing alone does not constitute negligence upon which legal liabiltiy may be premised.

So that we find that the jury found that The Cleveland Railway Company was negligent under the instructions of the court which we find to be correct with reference to the liability of the railway company. It is a matter of indifference whether Pyler was also negligent since it would be no defense to the Cleveland Railway and could avail it nothing, if Pyler was also negligent. Whether the charge upon the alleged intoxication of Pyler bearing upon the question of his negligence was technically correct, is of no legal significance in the instant case, and even if the issue

as to Pyler's negligence was material, the question of intoxication was only one consideration among many factors which determine the presence or absence of negligence.

It, therefore, follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK and MONTGOMERY, JJ, concur.