## AMERICAN EMPLOYERS' INS. CO. v. McLEAN.

### No. 9834.

Circuit Court of Appeals, Fifth Circuit.

April 6, 1942.

Richard B. Montgomery, Jr., of New Orleans, La., for appellant.

Joseph A. Loret and J. H. Percy, Jr., both of Baton Rouge, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Clifton E. McLean brought suit against American Employers' Insurance Company to recover for personal injuries and for damages to his automobile. The jury re-

turned a verdict for McLean, and from judgment entered on the verdict the insurance company has appealed contending that the trial court erred in denying its motion for a directed verdict and in refusing to give its requested Special Charge No. 7.

Evidence important to decision shows that the accident occurred on the Scenic Highway in the Parish of East Baton Rouge, Louisiana, in an unincorporated village known as Istrouma. The collision was between a Buick automobile which was being driven south by McLean, and a Ford automobile traveling north and being driven by Charles V. Pocorello, a deputy sheriff. Pocorello and another deputy sheriff were engaged in removing a woman to an institution and were not seeking to apprehend law violators at that time. The Ford automobile they were using was the property of the sheriff, and was being operated on official business with the consent of the sheriff. At the time of the accident appellant's policy of liability insurance covering rightful drivers of the automobile was in full force and effect.

The evidence is in sharp conflict on every material point. That for McLean shows that just prior to the accident the sheriff's car left the paved portion of the highway and ran into a depression or holes along its right side of the road. Pocorello righted the car and drove it back onto the pavement, across the black line in the center of the highway, into the path of McLean's oncoming Buick automobile, and a collision resulted. At the time of the accident the speed of the McLean car was between 20 and 25 miles per hour, and the sheriff's car was being driven at a speed of approximately 45 miles per hour. When the cars came to rest after the accident, the Buick was still on its right side of the road and headed in the direction in which it was moving before the collision; and the Ford was several inches over the center of the highway, and out of its rightful place in the road.

In Louisiana the driving of an automobile in excess of 25 miles per hour through an unincorporated town constitutes negligence. Pocorello was driving in excess of the lawful speed. He admitted that he knew he was in an unincorporated village, and that as he drove along the highway approaching the place where the accident occurred he saw signs warning that the speed limit was 25 miles per hour, but that he paid no attention to the signs and continued his speed.

McLean had purchased a bottle of whiskey, and had taken one drink from the bottle about one hour before the cars ran together. After taking the drink of whiskey, he placed the bottle in the pocket of the car, and did not take another drink. After the accident, the broken whiskey bottle was found and the odor of alcohol was detected in and about the car. McLean was found leaning over the broken steering wheel, unconscious, bleeding from cuts about the face and mouth, and suffering from a broken jaw and severe bruises.

Evidence for the insurance company was in direct conflict with that of McLean. It shows that the Ford automobile was moving on its own side of the road; that the McLean car attempted to pass another automobile and in doing so left its right side of the highway and moved into the path of the oncoming Ford; that when McLean saw the Ford, he attempted to get his Buick back on his side of the road, but it was too late and the Buick ran directly into the Ford; that the deputy sheriff applied the brakes and attempted to stop his car; that when the brakes were applied, the Ford swerved toward the oncoming Buick; but that the collision occurred at or near the center line of the road, and on the Ford car's side. Both deputy sheriffs were rendered unconscious and were seriously injured.

The case was submitted to the jury on the complaint charging negligence on the part of the deputy sheriff, and on the answer of the insurance company which asserted that the accident was not caused by any negligence of Pocorello, but by the negligence of McLean; that if Pocorello was negligent, the negligence was not the proximate cause of the accident; and that, in the alternative, McLean was guilty of contributory negligence which barred recovery.

 We have many times held that where, as here, the evidence is in dispute on every material point, and the case has been fully and fairly submitted to the jury, the verdict will not be disturbed. The evidence was sufficient to carry the case to the jury, and appellant's motion for a directed verdict was properly overruled.

 The oral charge of the court is omitted from the record. The appellant

contends that the court erred in refusing to give to the jury its requested Special Charge No. 7: "I further charge you that if you believe the plaintiff was under the influence of liquor and that this contributed to the accident, he cannot recover and there should be a verdict for the defendant." There is no evidence in the record that the plaintiff was intoxicated. Moreover, it is the law of Louisiana that intoxication in and of itself cannot be considered the proximate cause of an accident or constitute contributory negligence, and the fact of intoxication, if proved, may only be used as corroborative of other independent evidence of negligence. On the facts shown the court committed no error in refusing to give this charge. Rockefeller v. Shreveport Yellow Cabs, La.App., 183 So. 141, 143(2); Meredith v. Arkansas Louisiana Gas Co., La.App., 185 So. 498, 502(3), and Coleman v. Danos, La.App., 186 So. 407, 410.

We find no reversible error in the record. The judgment is affirmed.