This appeal brings up for review a judgment entered for the plaintiff on a jury verdict rendered in the Hudson County District Court. The sole question presented for review is: "Was the verdict of the jury against the weight of the evidence?"
The plaintiff claims to have suffered personal injuries in alighting from the defendant's train after it had come to a stop at the Cortlandt Street Station. Plaintiff testified she was the last person to leave the car getting off from the rear platform for the first car, and while she was doing so the door was closed catching her dress and causing her leg to go between the platform and the train and injuring her. The plaintiff is the sole witness to the accident on her own behalf. The conductor in charge of the car testified but did not see the fall. There is no doubt but that she did fall and injure herself. The conductor's testimony is to the effect that she couldn't have been caused to fall in the way that she claims and a sharp issue of fact is presented. Another witness for the defendant was the station master who came to the scene of the accident after being summoned and testified that at the scene of the accident the plaintiff in describing her accident *Page 63 
did not mention anything about her dress being caught. There is also testimony produced by the defendant through its car inspector as to facts directed at the improbability of the accident occurring in the way that the plaintiff has claimed it to have happened.
The appellant urges under Rules 1:2-20 and 4:2-6 that a review of the facts in this cause show that the verdict of the jury is contrary to the weight of the evidence. Our consideration leads us to the conclusion that the evidence in the case was conflicting and the determination of the jury is supported by substantial evidence. In the case of State v. Richardson,
Appellate Division, August 19, 1949, 4 N.J. Super. 503, the court has called attention to the fact that the rule under which this application was made also requires the court to give due regard to the opportunity of the trial court to judge the credibility of the witnesses. What is said in that case is equally applicable here.
The judgment under review is affirmed.