36 N.J. Super. 465 (1955)
116 A.2d 529
DOROTHY A. ROETHER AND JOHN J. ROETHER, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
THOMAS R. PEARSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 8, 1955.
Decided August 16, 1955.
*466 Before Judges CONFORD, KNIGHT and SULLIVAN.
Mr. Robert P. Hanley argued the cause for appellants (Mr. Edward F. Broderick, attorney).
Mr. Robert L. Clifford argued the cause for respondent (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys).
The opinion of the court was delivered by SULLIVAN, J.S.C. (temporarily assigned).
This is an automobile intersection accident case where the jury returned a verdict of no cause of action in favor of the defendant. Plaintiffs now seek to have the jury verdict set aside as against the weight of the evidence having duly moved for a new trial on that ground before the trial judge, which motion was denied.
R.R. 1:5-3(a) provides that on civil appeals:
"* * * A verdict of a jury shall be set aside as against the weight of the evidence if, having given due regard to the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion."
Without reciting the evidence in detail, a review of it indicates that plaintiffs and defendant gave conflicting versions of how the accident happened and as to who was *467 at fault. The determination of where the truth lay therefore was exclusively the function of the jury and its verdict is final. Heick v. Eisser, 5 N.J. Super. 416 (App. Div. 1949); Moore v. Public Service Coordinated Transport, 15 N.J. Super. 499 (App. Div. 1951). The physical evidence while tending to corroborate the plaintiffs' version was not conclusive and did not bar the jury from coming to the conclusion that the plaintiff-driver was himself negligent and that his negligence either caused or contributed to the happening of the accident. There was testimony adduced which, if believed, would indicate that plaintiff-driver, in entering upon a through street, made a left turn at a "T" intersection in an imprudent manner and without making due observation of vehicles approaching from the left. R.S. 39:4-90.
The plaintiffs' principal contention is that since the defendant admitted pleading guilty to a criminal charge of drunken driving arising out of the accident, the jury should have disregarded his testimony and held him solely responsible for the happening of the accident. The fact that a driver of an automobile has been drinking and gives physical appearance of being under the influence of liquor or even pleads guilty to a charge of drunken driving is all proper evidence of negligence to be submitted to the jury. However, this evidence is not conclusive and is merely something to be weighed and considered by the jury along with all of the other evidence in the case. Unless the jury concludes that the intoxication was the proximate cause of the accident there is no civil responsibility.
"It has been held that intoxication on the part of the operator of an automobile which causes injury to another is not in and of itself such negligence as will authorize recovery. It may be pleaded and proved by way of inducement for the purpose of illustrating the negligent conduct alleged against the defendant; but if one, although intoxicated, drives his machine in a proper manner and observes the law in every respect, he cannot be held liable for an injury inflicted by his machine merely because he was intoxicated at the time." (Citing cases.) Berry Automobiles (7th ed), § 2.378.
Cf. Kimble v. Kavanaugh, 2 N.J. Misc. 482 (Sup. Ct. 1924).
*468 Of course, it is to be noted that the defendant herein denied that he was intoxicated and said that he had taken but one drink of whiskey and that he pleaded guilty because he was "told to," so that the matter of his intoxication was a question of fact.
We conclude that there was credible evidence in the record on which the jury could have returned the verdict it did. Certainly it does not clearly and convincingly appear that the verdict was the result of mistake, partiality, prejudice or passion, and unless it does, the verdict should stand. Gindin v. Baran, 16 N.J. Super. 1 (App. Div. 1951); Stevens v. Roettger, 22 N.J. Super. 64 (App. Div. 1952).
The trial judge who heard the evidence first-hand and had an opportunity to observe the witnesses refused to disturb the jury's findings. Thomas v. Hudson & Manhattan R. Co., 5 N.J. Super. 61 (App. Div. 1949).
"A trial judge is in a better position than an appellate court to decide whether justice has been done under the particular circumstances and the weight of the credible evidence. * * * His action should not be disturbed unless it clearly and unequivocally appears there was a manifest denial of justice under the law." Hartpence v. Grouleff, 15 N.J. 545, 549 (1954).
Judgment affirmed.