MAX L. CHANDLER, appellant, v. HERMAN HARGER, appellee.

ERVIN B. KOONCE, appellant, v. HERMAN HARGER, appellee.

No. 50438.

February 6, 1962.

Richard C. Turner, of Council Bluffs, and Thaine Q. Blumer, of Kansas City, Missouri, for appellants.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

SNELL, J.—This appeal involves two actions for damages following a collision of motor vehicles. The two actions involve the same basic problems. They were consolidated for trial and appeal.

Plaintiff, Ervin B. Koonce, was driving and plaintiff, Max L. Chandler, was riding in a car owned by Chandler. They were traveling in an easterly direction on U. S. Highway 275. Defendant, Herman Harger, was driving his loaded tractor-trailer in a westerly direction on the same highway. The vehicles collided, with resulting property damage and personal injury to plaintiffs. Both plaintiffs were thrown from the car. The collision occurred on a curve of 2° 30′ in sharpness and 25° 30′ in total change of direction. The curve is banked. The highway is paved concrete with nine-inch-wide curbs on both sides and measuring 20 feet wide from curb top to curb top. Plaintiffs claim defendant failed to yield one half of the traveled way and was 18 inches over the center line on plaintiffs' side. Defendant claims that he was on his own side of the road and that plaintiffs were over the center line and ran into his vehicle.

The jury found for defendant. Plaintiffs, on appeal, challenge the admissibility of certain evidence, the refusal of a requested instruction and the giving of a claimed prejudicial instruction.

Defendant called several witnesses in his behalf, including two highway patrolmen and one former patrolman who was a member of the patrol at the time of the collision. The latter's

testimony and exhibits received in connection therewith provide the first issue here. The accident happened more than three years prior to trial, which may explain the uncertainty of his testimony. He refused to either admit or deny the preparation and signing of a field memorandum. This memorandum, exhibit 20, was later identified by the other patrolmen as having been prepared by the former patrolman. The exhibit, on a Department of Public Safety Field Memorandum form, is a rough, freehand drawing of the curved highway. It shows the width of the shoulders on the highway, the location of the vehicles, parts and debris after the collision and some distances. This exhibit was offered in evidence by plaintiffs. Counsel for defendant stated, "No objection." The exhibit was then admitted. According to plaintiffs the exhibit tended to impeach the witness. The exhibit having been received without objection, its admissibility is not before us.

 I. While testifying the witness was shown what is obviously a paper from a small loose-leaf notebook. He testified that the rough drawing, notations and comments thereon were in his handwriting and were notes he made at the scene of the accident. It was identified as exhibit 21 and was offered in evidence by defendant.

Over plaintiffs' objections that it was hearsay, irrelevant and immaterial, contrary to his own testimony and containing information held to be irrelevant and immaterial, it was finally admitted.

The exhibit should not have been received.

On exhibit 21 a diagram appears showing the point of impact on defendant's side of the road, the break in the paving directly opposite, glass, dirt and debris on defendant's side of the road, also the words on the face: "Pavement dry—both men drinking—liquor stolen out of car. Both men out of car—driver not known" and "Break in pave—first mark on pavement by truck 23″ from north shoulder." Also marked on the face was "(over)." On the back appear the words: "talked to both men at Hospital. Stated they didn't know who was driving or what actually happened.

"Both men had been drinking. Had head injuries unable to determine how much. But odor of liquor very prominent. Chandler works for produce co."

The witness' testimony as to some of the matters shown on the exhibit had been rejected. There was evidence from the odor of alcohol that at some time and place the plaintiffs had been drinking, but it is not proper to support testimony as to the witness' observations with a written statement of his own conclusions. Defendant tried to create a suspicion but had no evidence of intoxication other than the odor of alcohol. There was no evidence in the record to support the statement "Liquor stolen out of car", and nothing to indicate how the witness arrived at such a conclusion.

II. What plaintiffs said to the officer while making his official investigation was not admissible. Bachelder v. Woodside, 233 Iowa 967, 9 N.W.2d 464; McBride v. Stewart, 227 Iowa 1273, 290 N.W. 700; Vandell v. Roewe, 232 Iowa 896, 6 N.W.2d 295.

III. The exhibit was not offered for impeachment. It was offered by counsel in connection with the testimony of his own witness to augment and support the testimony. It was even more than that. It was a statement of unsupported conclusions of the witness.

Evidence of contradictory statements made out of court are admissible as tending to discredit and impeach a witness but they are not admissible as affirmative proof of the facts related in the statement. Christensen v. Iowa State Highway Commission, 252 Iowa 1351, 1355, 110 N.W.2d 573, 575, and citations. See comments by Dean Mason Ladd in Workshop Outlines, Eighty-sixth Annual Meeting of the Iowa State Bar Association, page 138 et seq.

IV. Defendant contends that exhibit 21 was admissible under the provisions of section 622.20 of the Code. This section provides: "When a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing which is necessary to make it fully understood, or to explain the same, may also be given in evidence."

570

Exhibit 21 was an entirely separate writing from exhibit 20. It was not necessary to understand or explain exhibit 20. Plaintiffs' offer of exhibit 20 and defendant's agreement to its receipt did not open the door to unsupported conclusions and privileged statements in another writing. Jones v. Krambeck, 228 Iowa 138, 290 N.W. 56.

█ Posed photographs, drawings and diagrams are frequently admitted, after proper foundation, as illustrative of the testimony of witnesses. Stiefel v. Wandro, 246 Iowa 807, 68 N.W.2d 53, and cases cited. This does not mean that such exhibits are in themselves independent evidence.

Defendant cites only one case in support of his position. Spani v. Whitney, 172 Neb. 550, 110 N.W.2d 103, 106, was an automobile-collision case. Three days after the accident plaintiff voluntarily wrote out a statement of his version of the accident and gave it to the sheriff. On cross-examination of plaintiff, defendant's counsel had the statement marked as an exhibit and examined plaintiff relative thereto. The exhibit was offered by plaintiff and received. The Nebraska statute is similar to ours and provides: "* * * When a detached act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood, or to explain the same, may also be given in evidence."

The Nebraska court then said: "The concluding sentence gives the reason for the rule." We agree. The cases cited by the Nebraska court involve instances within the reason for the rule. In the case before us, exhibit 21 was not necessary to understand or explain exhibit 20.

It is frequently said that the admission or rejection of such evidence is within the sound discretion of the trial court. The admission of exhibit 21 was beyond sound discretion and was prejudicial.

V. At the close of the evidence plaintiffs requested as a part of the instruction on contributory negligence the following:

"In this connection testimony has been received in this case tending to show that the plaintiffs, Koonce and Chandler, had been drinking at some time before the time and place in question. This testimony is not to be considered by you as evidence,

in itself, that said plaintiffs were negligent in the respects above mentioned, but you may consider said testimony in deciding whether or not said plaintiffs were, at the time and place in question, observing the foregoing rules which should be observed by them and exercising such care and caution for their own safety as reasonably prudent persons would have exercised under the circumstances."

The request was refused, the court being of the opinion that the matter was sufficiently covered by the last paragraph of Instruction No. 15. This paragraph said:

"There has been testimony in this case from which the inference might be drawn that the plaintiffs, or one of them, had been drinking prior to the happening of this accident. If you find this to be the fact, it should be considered by you as bearing only on the care exercised by the plaintiffs or either of them. It is not of itself necessarily contributory negligence."

Plaintiffs took timely exceptions and in particular objected to the use of the word "necessarily" in the last sentence.

The word "necessarily" is defined in Webster's New International Dictionary, Second Edition, Unabridged, as follows: "Unavoidably, indispensably." In the more recent Third Edition it is defined as "in such a way that it cannot be otherwise: of necessity: inevitably, unavoidably."

Words and Phrases, Volume 28, quotes cases holding that "necessarily" means unavoidably, indispensably, so that a thing which necessarily must happen may reasonably be said to be certain to happen. Also that the word "necessarily" means inevitably, not to be avoided even by the exercise of the highest degree of care, and that such an instruction is erroneous if it imposes too high a degree of care. It is also held that the word "necessarily" is not synonymous with "reasonably."

▮ Evidence of drinking was admissible, but, as indicated in both the requested and given instructions, should be considered only as bearing on the care exercised by plaintiffs. The harm in the instruction given arises from the word "necessarily." This word weights the instruction in favor of a finding of contributory negligence. It gives undue emphasis to the evidence that witnesses detected the odor of alcohol. The words

used suggest and do not sufficiently refute the idea that evidence of drinking could alone support a finding of contributory negligence.

Nicholson v. City of Des Moines, 246 Iowa 318, 324, 67 N.W.2d 533, 536, reviews instructions concerning intoxication and says:

■■ "* * * Intoxication in and of itself is not * * * conclusive evidence of contributory negligence. The true rule is laid down in Cramer v. The City of Burlington, 42 Iowa 315, 320, where it is said: 'Whilst the being abroad in the streets of a city, in a state of intoxication, is not negligence as a matter of law, still, it is a circumstance or condition, from which the jury may find the existence of negligence as a fact.' Again, on page 322, is this: 'The jury should have been instructed that * * * the intoxication of plaintiff should not defeat his recovery, if it did not contribute to the injury which he sustained.'

"Another case much in point on this question is Kingsley v. Mulhall, 95 Iowa 754, 64 N.W. 659, where it is said (page 755 of 95 Iowa, page 660 of 64 N.W.): 'Whether the plaintiff was under the influence of intoxicating liquors at the time of his fall, and whether that was caused in part or in whole by his drinking, were questions of fact to be determined by the jury.'

"In Sylvester v. Incorporated Town of Casey, 110 Iowa 256, 260, 81 N.W. 455, 457, we disapproved an instruction which told the jury: ' " 'Intoxication is evidence of contributory negligence, and from it alone you may infer contributory negligence.' " '; and we approved this statement by the Wisconsin Supreme Court in Ward v. Chicago, St. P., M. & O. Ry. Co., 85 Wis. 601, 605, 55 N.W. 771, 772: 'Drunkenness is not negligence per se, nor unless it contributes to the accident or injury. If it did not, then it is a matter of no concern to the defendant.' "

See also Instruction No. 2.13, Iowa Uniform Jury Instructions of Iowa State Bar Association.

See also State v. Graff, 228 Iowa 159, 290 N.W. 97; State v. Richardson, 216 Iowa 809, 814, 249 N.W. 211.

The word "necessarily" is, of course, not as strong as the word "conclusive." It leaves a door open for escape from a

finding of contributory negligence, but it is an unfortunate judicial suggestion to the jury, giving undue weight to the evidence. The word was too strong. It invited a finding by the jury. We disapprove its use in the instruction.

For the reasons stated the case is—Reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part.