**Stella L. YOST, Executrix of the Estate of Donald W. Yost, Deceased, Appellee,**

v.

**Robert Richard MINER, Appellant.**

**No. 52977.**

Supreme Court of Iowa.

Dec. 10, 1968.

Rehearing Denied Feb. 11, 1969.

Pendleton & Pendleton, Storm Lake, Daniel D. Sanderson, Estherville, and Robert F. Culver, Emmetsburg, for appellant.

Fitzgibbons & Fitzgibbons, Estherville, for appellee.

RAWLINGS, Justice.

Plaintiff brought this action, as executrix, to recover for wrongful death of her husband which resulted from a motor vehicle collision. Defendant counterclaimed for damages to his person and property. The jury returned a verdict of $15,000 for defendant. Trial court sustained plaintiff's motion for judgment notwithstanding the verdict but overruled the motion for new trial on her cause of action. Defendant appealed from the ruling on motion for judgment notwithstanding, and plaintiff cross-appealed from the overruling of her motion for new trial. We reverse on both appeals.

The parties agreed to submit the case under jury instructions placing the burden of proving freedom from contributory negligence on the party seeking to recover. The accident occurred prior to July 4, 1965, effective date of the amendment to section 619.17, Code of Iowa, which changed the burden of proof. However, trial commenced before we had passed on its retroactivity in Schultz v. Gosselink, Iowa, 148 N.W.2d 434.

Trial court sustained the motion for judgment notwithstanding on the ground counterclaimant failed to produce any evidence whatsoever as to his actions just

prior to the collision, therefore failed to make any affirmative showing of freedom from contributory negligence. He also commented, the record indisputably discloses counterclaimant was intoxicated at time of the accident.

■ I. There is no direct evidence of counterclaimant's conduct or movement of his vehicle immediately prior to the impact. This, however, does not necessarily mean there is insufficient evidence to create a jury question on his freedom from contributory negligence. Where a motion for judgment notwithstanding the verdict has been sustained we give claimant's evidence the most favorable construction it will bear. R.C.P. 344(f) (2); and Pound v. Brown, 258 Iowa 994, 995, 140 N.W.2d 183.

The collision occurred on State Highway 9 about 6½ miles east of Estherville at about 11:45 A.M., July 21, 1964. The weather was clear, the highway paved, level and dry. Decedent, Donald Yost, was driving his Oldsmobile in an easterly direction. Defendant Miner was driving his Nash in a westerly direction.

Robert Sierck, only witness to the accident, [Miner had no recollection of the incident], testified that as he was driving east from Estherville about 11:30 A.M., July 21, he observed Yost's blue Oldsmobile approximately a quarter mile in front of him, having followed it since leaving Estherville. Mr. Sierck was driving 60 miles per hour and remained about the same distance behind the Oldsmobile. He noticed nothing unusual about the way Yost was driving until, "* * * all of a sudden he just kind of started gradually pulling over to the left of the road and all of a sudden I seen the crash". The cars hit head-on and both were demolished. Sierck testified he did not observe the Miner car until it flew up in the air on impact.

Mr. and Mrs. Charles Rolling met defendant's Nash about one mile east of the accident scene. They saw his car, about

half a mile away, gradually drift from the north lane into their south lane. Mr. Rolling testified: "He stayed on my side of the road I would say from 3–400 feet. His right wheels were right on the white line and the left wheels were completely on the south side of the road. When I saw him I just let off the accelerator and started wondering what I was going to do and then he swerved back on his own side of the road and went on by. When he went by I looked at him. He was sitting there with his head kind of over towards the window. And I told my wife at the time, 'I think that boy's pretty sleepy. From what I observed, he was just sitting there driving with his right hand and with his head leaning over toward the door."

Under supervision and direction of the sheriff of Emmet County measurements were taken at the scene. It was determined point of impact was in defendant's lane, north of the center line. The Yost car left skid marks which started in the south lane and proceeded at an angle into the north lane. The Miner vehicle left no skid marks.

■ Plaintiff, in defending on the counterclaim, is faced with overwhelming evidence the collision occurred on counterclaimant's side of the road. She does not seriously contend otherwise. Rather plaintiff takes the position counterclaimant was so drunk he approached decedent's car on the wrong side of the road, and her decedent turned into the left lane in an effort to avoid the collision. No one testified regarding location of defendant's car immediately prior to impact. The fact the accident happened on defendant's side of the road indicates exercise of due care for his own safety.

■ In Smith v. Darling & Co., 244 Iowa 133, 56 N.W.2d 47, trial court entered judgment notwithstanding the verdict on the ground, inter alia, there was no evidence of decedent's freedom from contributory negligence. Testimony there disclosed the collision occurred on decedent's

side of the highway and we held this was substantial evidence he was in the exercise of ordinary care at the time. In so doing this court said, loc. cit., 244 Iowa 143, 56 N.W.2d 53 "Thus testimony which raises a jury question on the issue of defendants' failure to give decedent half the roadway also raises a jury question on the issue of the latter's freedom from contributory negligence." That holding was followed in Miller v. Stender, 251 Iowa 123, 131, 98 N.W.2d 338, and Weppler v. Smith, 252 Iowa 679, 688, 108 N.W.2d 247.

Trial court erred in sustaining plaintiff's motion for judgment notwithstanding the verdict on the ground referred to.

II. In ruling on the motion for judgment notwithstanding, trial court stated: "* * * the record, without dispute, shows that the defendant was intoxicated at the time of the accident." It is not clear what, if any, bearing this statement had on the ruling, but plaintiff argues such intoxication bars defendant from recovering on his counterclaim. For purpose of this opinion, we accept trial court's conclusion the undisputed evidence shows defendant was intoxicated. However, it does not follow his right of recovery is barred as a matter of law.

"* * * even if the fact of intoxication were conceded there would still be a jury question whether it constituted negligence causing or contributing to his injuries * * *. Intoxication in and of itself is not, as defendant seems to contend, conclusive evidence of contributory negligence." Nicholson v. City of Des Moines, 246 Iowa 318, 324, 67 N.W.2d 533, 536; Cramer v. City of Burlington, 42 Iowa 315, 320; and Nichols v. Havlat, 142 Neb. 534, 7 N.W.2d 84, 87.

The act of driving an automobile while intoxicated is a violation of section 321.281, Code of Iowa. However, it is not negligence per se. Chandler v. Harger, 253 Iowa 565, 570–572, 113 N.W.2d 250, and citations; Cramer v. City of Burling-

ton, supra; Ward v. Chicago, St. P., M. & O. Ry. Co., 85 Wis. 601, 55 N.W. 771, 772; Prosser, Law of Torts, Third Ed., section 32, page 157; 38 Am.Jur., Negligence, section 203, pages 883–884. Before a drunken driver can be held liable for injuries to another or barred from recovering for his own injuries, his intoxicated condition must be translated into outward conduct which is negligent and bears a causal relationship to the injury. American Employers' Ins. Co. v. McLean, 5 Cir., 127 F.2d 275; Lynch v. Clark, 183 Or. 431, 194 P.2d 416, 422–423; Allan H. McCoid, Intoxication and Its Effect Upon Civil Responsibility, 42 Iowa L.Rev. 38, 46–47, 53.

Evidence of an intoxicated condition is properly admissible as one of the circumstances surrounding conduct showing a lack of due care under the circumstances. Hughes v. Chicago, R. I. & P. Ry. Co., 150 Iowa 232, 236, 129 N.W. 956; Chandler v. Harger, supra; American Employers' Ins. Co. v. McLean, supra; Roether v. Pearson, 36 N.J.Super. 465, 116 A.2d 529, 531; Lynch v. Clark, supra; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 798; 38 Am.Jur., Negligence, section 203, pages 883–884; McCoid, Ibid, loc. cit., 54–57. In other words, a person who intentionally or negligently becomes intoxicated is held to the same standard of care as if he were sober. Hughes v. Chicago, R. I. & P. Ry. Co., supra; Remmenga v. Selk, 150 Neb. 401, 34 N.W.2d 757, 763; Nichols v. Havlat, 142 Neb. 534, 7 N.W.2d 84, 87; Cleveland Ry. Co. v. Owens, 51 Ohio App. 53, 199 N.E. 607, 609–610; Lynch v. Clark, supra, 194 P.2d loc. cit., 424; Prosser, Law of Torts, Third Ed., section 32, page 157; and 65A C.J.S. Negligence § 295, page 1042.

The matter of defendant's intoxication and its causal connection to the accident was submitted to the jury on instructions which are not here questioned. The jury might have found defendant's intoxication was not translated into any negligent conduct which caused or contributed to the accident. Intoxication, if conceded, would

not in itself, as a matter of law, bar his right to recover.

 III. Plaintiff's cross-appeal is based on trial court's order overruling her motion for new trial. Therein she urges, the court erred in failing to instruct the jury on sudden emergency.

As stated supra, we are here concerned with both plaintiff's action, and defendant's counterclaim. Noticeably plaintiff does not identify her brief and argument with defendant's counterclaim or her petition. Rather she sets forth "Proposition Relied on for Affirmance", and argues in support of trial court's order setting aside the verdict for defendant. Subsequently, under what is designated "Part II" is found "Brief and Argument on Plaintiff-Appellee's Cross-Appeal." Here appears the argument on sudden emergency, in support of her motion for new trial. However, we construe the assigned failure to instruct on sudden emergency to encompass both defendant's cross-petition and plaintiff's cause of action. Stated otherwise, the assignment of error, as made, is deemed applicable to both plaintiff's cause of action and defendant's counterclaim. See in this regard rule 344(a) (3), R.C.P.; Jerrel v. Hartford Fire Ins. Co., 251 Iowa 816, 817, 103 N.W.2d 83; and Kauzlarich v. Fitzwater, 255 Iowa 1067, 1069, 125 N.W.2d 205.

IV. It is possible the instruction requested by plaintiff was refused because of some confusion which appears to exist relative to "legal excuse" and "sudden emergency".

 The former is a means of excusing conduct which, under statutory rules of the road, constitutes negligence per se. Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552. See also Gibbs v. Wilmeth, Iowa, 157 N.W.2d 93, 96–97; 65A C.J.S. Negligence § 127, page 88; and Restatement, Torts, Second, sections 288A and 469.

 The three specifications of negligence with which the plaintiff's decedent was charged were, absence of common law lookout, common law control, and statutory failure to yield the right of way. In that regard we have held violation of Code section 321.298 is only prima facie evidence of negligence. Kisling v. Thierman, supra, loc. cit., 214 Iowa 914, 243 N.W. 552; Wagaman v. Ryan, 258 Iowa 1352, 1358–1359, 142 N.W.2d 413; and Silvia v. Pennock, 253 Iowa 779, 783–784, 113 N.W.2d 749. This means negligence per se is not involved in defendant's counterclaim. Resultantly an instruction on legal excuse was not here warranted. Wagaman v. Ryan, supra.

Referring now to "sudden emergency", this court said in Rice v. McDonald, 258 Iowa 372, 380, 138 N.W.2d 889, 893; "One who claims excuse on the ground of emergency has the burden to prove by a preponderance of the evidence not only that fact but also the fact that it was not created by his own act. Pinckney v. Watkinson, supra, 254 Iowa 144, 116 N.W.2d 258.

"It is, of course, true that the sudden emergency rule cannot be invoked by one whose negligent conduct created the emergency, in whole or in part. Clubb v. Osborn, 256 Iowa 1154, 1161, 130 N.W.2d 648; Pinckney v. Watkinson, both supra; Erickson v. Thompson, 257 Iowa 781, 789, 135 N.W.2d 107, 112, and citations; Hartford Fire Ins. Co. v. Lefler, 257 Iowa 796, 805, 135 N.W.2d 88, 93, and citations.

"However, the nature and extent of an emergency is usually a fact question and if the party urging the existence of 'sudden emergency' sustains his contention by substantial evidence that such an emergency had developed * * *, the jury should be instructed thereon. Hartford Fire Ins. Co. v. Lefler, supra; Cunningham v. Court, 248 Iowa 654, 82 N.W.2d 292; Harris v. Clark, 251 Iowa 807, 103 N.W.2d 215; Luppes v. Harrison, 239 Iowa 880, 32 N.W.2d 809; Pinckney v. Watkinson, supra;

Mathews v. Beyer, 254 Iowa 52, 116 N.W. 2d 477." See also Restatement, Torts, Second, sections 296 and 470.

■ To this end plaintiff, as aforesaid, offered the testimony of Mr. and Mrs. Charles Rolling which, in substance, discloses defendant's car was travelling in the wrong lane approximately one mile before the collision. See Hahn v. Graham, 256 Iowa 713, 718–719, 128 N.W.2d 886. Also, the testimony of Mr. Sierck, an eyewitness to the crash, who was following decedent's car, reveals he did not see defendant Miner's car before impact although the road was level and the view unobstructed.

These are all facts, which, when viewed together, served to here create a jury question relative to sudden emergency.

V. As heretofore stated, plaintiff, on appeal, claims trial court's refusal to give an instruction on sudden emergency constituted prejudicial error.

But defendant contends, at least inferentially, failure to submit plaintiff's requested instruction, if error, was rendered harmless by the jury verdict for him. In effect, he takes the position an instruction on sudden emergency would not have aided plaintiff's cause of action.

Nevertheless, the requested instruction could have aided plaintiff's defense on defendant's counterclaim. *For the moment we confine ourselves to that phase of the case.*

■ Absent an instruction on sudden emergency plaintiff's decedent was unavoidably held to that degree of care required of a reasonably prudent person under ordinary circumstances. However, if a sudden emergency did confront him, then his duty would have been to exercise only the care of an ordinarily careful and prudent person when suddenly confronted by a like emergency when placed in a similar position. See Pinckney v. Watkinson, 254 Iowa 144, 150, 116 N.W.2d 258; McCornack v. Pickerell, 225 Iowa 1076, 1083,

283 N.W. 899; Davidson v. Curole, La., 196 So.2d 311, 313; and Annos. 80 A.L.R. 2d 5, 85–107.

As already stated, defendant, by inference, also argues the requested instruction would not have been of any aid to plaintiff with regard to defendant's negligence. It still remains, however, such an instruction would be appropriate regarding plaintiff's liability, if any, to defendant on his counterclaim. See McKeever v. Batcheler, 219 Iowa 93, 96, 257 N.W. 567, and Stevens v. Chandler Motor Co., 222 Md. 399, 160 A.2d 772, 776–778.

Viewed in another light the verdict inferentially finding defendant not negligent on plaintiff's action does not mean defendant's *conduct* prior to the accident did not, as to defendant's counterclaim, serve to create for plaintiff a sudden emergency.

■ Negligence is one thing, emergency-creating-conduct something quite different. In order for plaintiff to recover from defendant, or for defendant to recover from plaintiff, each had the burden to establish proximately causative negligence. However, sudden emergency may be created by *conduct* not amounting to negligence. It can even be created by natural forces or conduct of a third person.

As stated in Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 457–458, 138 N.W.2d 93, 100, 10 A.L.R.3d 247: "To constitute a legal excuse for violation of a statute, of course an emergency must not be of the driver's own making. Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552. Many decisions have followed the cited case. Winter v. Moore, 255 Iowa 1, 4, 121 N.W.2d 82, 83, and citations.

"'An emergency has been variously defined as (1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action; exigency; pressing necessity.' Young v. Hendricks, 226 Iowa 211, 215, 283 N.W.

895, 898; Harris v. Clark, 251 Iowa 807, 810, 103 N.W.2d 215, 217.

"The question whether one was without fault in bringing about an emergency generally is for the jury. Harris v. Clark, supra, and citations; Winter v. Moore, supra, 255 Iowa 1, 8, 121 N.W.2d 82, 86; Vreugdenhil v. Kunkel, 256 Iowa 460, 127 N.W.2d 630, 635." See also Clubb v. Osborn, 256 Iowa 1154, 1163, 130 N.W.2d 648, and Restatement, Second, Torts, section 296.

■ Pursuing the matter one more step, as expressed supra, travelling on the wrong side of a rural highway is not negligence per se in Iowa. It is only prima facie evidence of negligence. *But prima facie evidence is rebuttable.* McMaster v. Hutchins, 255 Iowa 39, 46–47, 120 N.W.2d 509; Christenson v. Northwestern B. Tel. Co., 222 Iowa 808, 811–812, 270 N.W. 394; and Hoover v. Haggard, 219 Iowa 1232, 1237, 260 N.W. 540.

Christenson v. Northwestern B. Tel. Co., supra, involved a fact situation not unlike that presented in the case at bar. There the trial court, inter alia, instructed on the duty to yield half the traveled portion of the road, comparable to that given in the present case. The complaint made as to this instruction was, it amounted to a mandatory direction for the jury to return a verdict for defendant because it omitted any reference to a sudden emergency explaining plaintiff-decedent's presence on the wrong side of the road. This court agreed. In addition an instruction on sudden emergency was given. Following a verdict for defendant, plaintiff's motion for a new trial was overruled and she appealed. In reversing this court held an instruction on emergency was proper, but the one given was erroneous.

In the instant case plaintiff, by use of the sudden emergency concept, attempted to rebut any prima facie evidence of negligence on the part of her decedent.

However, under the instructions given, absent one on sudden emergency, the jury was not afforded an opportunity to consider or apply that doctrine, thereby effectively denying plaintiff the benefit of such rebuttal evidence relative to her defense on defendant's counterclaim.

■ It is thus evident trial court's refusal to give a sudden emergency instruction regarding plaintiff's defense on defendant's counterclaim constituted error prejudicial to plaintiff.

■ VI. We turn now to trial court's refusal to instruct the jury on sudden emergency relative to plaintiff's case against defendant.

Plaintiff argues it was fatal to her action when trial court refused to instruct on sudden emergency. She contends, lacking such an instruction the jury was given no opportunity to properly consider and determine the offered explanation for plaintiff-decedent's presence on the north side of the road. In view of the fact plaintiff submitted her case on the explainable theory her decedent turned into the left lane in an effort to avoid defendant's automobile approaching on decedent's side of the road, we find merit in her contention. See Rice v. McDonald; Christenson v. Northwestern B. Tel. Co.; and Stevens v. Chandler Motor Co., all supra.

But defendant argues, at least inferentially, inherent in the jury verdict is a finding plaintiff's decedent was negligent in one or more of the specifications alleged, and defendant was not negligent, therefore any such error was cured by the verdict. See in this regard Olson v. Truax, 250 Iowa 1040, 1044, 97 N.W.2d 900, and Beck v. Dubishar, 240 Iowa 267, 271, 36 N.W.2d 438.

However, by reason of our ultimate conclusion, infra, we need neither reach nor determine whether such error was cured by the jury verdict.

■ VII. In accord with the foregoing, we conclude trial court committed error prejudicial to plaintiff in failing to instruct on sudden emergency relative to her defense, and erred in refusing to give such an instruction regarding her action against defendant.

Under these circumstances application of the rule set forth in Comer v. Burns, 255 Iowa 251, 122 N.W.2d 305, is here appropriate. That case also involved a claim and counterclaim, with a verdict for counterclaimant. Trial court sustained plaintiff's motion for judgment notwithstanding and for new trial. In reversing on defendant's appeal we said, loc. cit., 255 Iowa 260–261, 122 N.W.2d 311: "Ordinarily, where there is a counterclaim a new trial will be granted as to both the petition and counterclaim, not merely as to one. Torrence v. Sharp, 246 Iowa 460, 464, 68 N.W. 2d 85, 87, and citations. See also as somewhat applicable Allbee v. Berry, 254 Iowa 712, 718, 719, 119 N.W.2d 230, 233, 234. The ordinary rule should apply here." And see Keller v. Gartin, 220 Iowa 78, 86, 261 N.W. 776.

Resultantly we reverse on both appeals, remand with instructions to set aside trial court's order sustaining the motion for judgment notwithstanding verdict for defendant, set aside that verdict, and grant a new trial on both plaintiff's petition and defendant's counterclaim.

Reversed on both appeals and remanded with instructions.

All Justices concur, except STUART, J., GARFIELD, C. J., and SNELL, J., who dissent.

STUART, Justice (dissenting).

I respectfully dissent from Divisions V, VI and VII of the majority opinion. I agree plaintiff was entitled to an instruction on sudden emergency under her theory of the accident. I am of the opinion however, that the verdict of the jury in favor of defendant on his counterclaim under the facts rendered such error nonprejudicial on both her cause of action and her defense to the counterclaim.

On plaintiff's cause of action, the sudden emergency instruction related only to the contributory negligence of the decedent. Her theory that her decedent turned into the left lane in an attempt to avoid counterclaimant's automobile approaching on decedent's side of the road, would have offered an explanation, other than decedent's negligence, for his position on the wrong side of the road. To recover, plaintiff, of course, also had to establish the negligence of defendant. As the jury returned a verdict for defendant on the counterclaim they must necessarily have found he was not guilty of any negligence which "contributed in any way or in any degree directly to the injury or damages in question". Therefore, plaintiff could not have recovered on her cause of action even if the jury would have found she was confronted with a sudden emergency and was not contributorily negligent because the jury found defendant was not negligent.

Beck v. Dubishar, 240 Iowa 267, 271, 36 N.W.2d 438, 439–440, presents a comparable situation. There counterclaimant contended the trial court erred in failing to submit a certain specification of negligence to the jury on his counterclaim. The jury had returned a verdict for plaintiff on his cause of action. We said:

"It will be observed that appellee recovered a verdict at the hands of the jury, which necessarily determined in his favor, the negligence of the defendant, the proximate cause of the damage and the freedom of appellee from contributory negligence, which precludes appellant from a recovery under the counterclaim. Appellant is not therefore prejudiced by the failure to submit such issue * * *."

In Olson v. Truax, 250 Iowa 1040, 1044, 97 N.W.2d 900, 903, where the trial court directed a verdict against plaintiff and the

jury returned a verdict for defendant on his counterclaim, we said:

"There is no possible theory on which plaintiff was entitled to recover under his claim if, as the jury found, defendant was entitled to recover from plaintiff under his counterclaim. We must conclude, therefore, that if plaintiff's claim had been submitted to the jury, he could not have recovered thereon. Unless we are to depart from the logic of many of our precedents, withdrawal of plaintiff's claim from jury consideration, under these circumstances, must be deemed nonprejudicial."

Our decisions supporting this statement are reviewed in the opinion at 250 Iowa 1044–1047 and 97 N.W.2d 903–904.

I agree with the majority that in many instances a verdict on a counterclaim would not render the failure to give an instruction on sudden emergency nonprejudicial to the defense of that counterclaim. More often than not the sudden emergency is created by an outside agency. In that situation such instruction is essential to explain conduct which counterclaimant alleges is negligence. A finding by the jury that counterclaimant was not contributorially negligent would have no relation to the negligence of the defendant on the counterclaim.

I believe, however, under the facts here, the verdict on the counterclaim did render failure to instruct on sudden emergency nonprejudicial. Plaintiff in defending the counterclaim asserts defendant's conduct in approaching on the wrong side of the road created the sudden emergency. This is the same conduct she claimed as his negligence. The jury by finding defendant was not negligent necessarily rejected plaintiff's theory as to how the accident happened. They in effect found defendant was not approaching on the wrong side of the road.

I cannot accept the premise from which the majority argues that the jury could find defendant could have approached on the wrong side of the road so as to create a sudden emergency without being guilty of negligence. Here, conduct sufficient to establish one would also establish the other.

I would reverse on counterclaimant's appeal and reinstate the verdict in his favor.

GARFIELD, C. J., and SNELL, J., join in this dissent.